■ MANUFACTURERS & TRADERS TRUST COMPANY, Appellant, v RAYMOND MILLS et al., Respondents. [619 NYS2d 407] —Casey, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered August 3, 1993 in Chenango County, which denied plaintiff's motion for summary judgment.

Plaintiff commenced this action to recover the outstanding balance accumulated by defendants in the use of a charge card issued to them by plaintiff. Defendants exceeded their credit limit and failed to make the required minimum monthly payments. Defendants do not deny that they are liable to plaintiff on account of their use of the charge card. Instead, they question why the outstanding balance increases each month even though the charge card has been canceled. They also claim that they are attempting to make monthly payments at a rate they can afford.

On plaintiff's motion for summary judgment, Supreme Court found evidence of a regular pattern of payments by

defendants which have been accepted by plaintiff and applied to the balance due on the account. Supreme Court viewed the evidence as establishing an "apparent accord between the parties" and denied plaintiff's motion. We reverse.

There is evidence in the record that defendants made a $50 payment in December 1992, followed by three monthly payments of $20 each, and that plaintiff credited the amounts to defendants' account. There is, however, no evidence that plaintiff accepted the monthly payments, which were insufficient to cover the interest accruing on the balance, as an alternative performance which would be accepted in the future in lieu of defendants' obligation under their credit card agreement. In the absence of such evidence, plaintiff's acceptance of the payments cannot be viewed either as an accord or as a substituted agreement (see, Denburg v Parker Chapin Flattau & Klimpl, 82 NY2d 375, 383-384). Plaintiff met its burden as the proponent of the motion for summary judgment by undisputed evidence of defendants' liability and the amount due. Defendants did not present any evidence to demonstrate a factual issue and, therefore, plaintiff's motion must be granted.

Cardona, P. J., White and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion granted.